Chen v. Barr

BIA
Lamb, IJ
A098 384 418

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of August, two thousand nineteen.

PRESENT:
>    ROBERT D. SACK,
>    PETER W. HALL,
>    CHRISTOPHER F. DRONEY,
>        *Circuit Judges.*

_____

SHUN-DER CHEN,
>    *Petitioner,*

>    v.                                                17-2123
>                                                      NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:          Alexander Kwok-Ho Yu, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Carl McIntyre, Assistant Director; Brooke M. Maurer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shun-Der Chen, a native and citizen of the People's Republic of China, seeks review of a June 8, 2017, decision of the BIA affirming a June 30, 2016, decision of an Immigration Judge ("IJ") denying his motion to reopen. *In re Shun-Der Chen,* No. A 098 384 418 (B.I.A. June 8, 2017), *aff'g* No. A 098 384 418 (Immig. Ct. N.Y. City June 30, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the denial of a motion to reopen for abuse of discretion and the country conditions determination for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008).

An alien seeking to reopen may file one motion to reopen no later than 90 days after the final administrative decision.

8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Chen's motion to reopen was untimely because it was filed more than four years after the final administrative decision. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time limitation for filing a motion to reopen does not apply if the motion is filed in order to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). The agency did not abuse its discretion in finding that Chen's evidence was insufficient to establish a material change in conditions in China.

The country conditions evidence reveals that the Chinese government's policy and treatment of Christians has remained consistent since Chen's 2006 hearing. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify

3

reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").  As the IJ noted, the United States has designated China as "country of particular concern" under the Religious Freedom Act since 1999.  The record demonstrates that since at least 2005, Christians attending unauthorized churches in certain areas in China faced repression.

As evidence that conditions have worsened, Chen cites to several sources that are not part of the administrative record.  However, we may not consider these reports in reviewing the agency's decision.  *See* 8 U.S.C. § 1252(b)(4)(A) (limiting judicial review to the administrative record that was before the agency).  As to reports that were part of the administrative record, Chen cites a 2014 report for the proposition that "authorities still regularly harassed and detained small groups that met for religious purposes in homes and other locations." However, this statement does not demonstrate an increase in persecution as a 2006 report also provides that the police disrupted house church meetings and sometimes detained

4

worshippers.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii) (requiring *material* change in conditions); *In re S-Y-G-*, 24 I. & N. Dec. at 257 ("Change that is incremental or incidental does not meet the regulatory requirements for late motions of this type.").

Moreover, where conditions vary by province, an applicant is required to show a material change in conditions in his home province.  *See Jian Hui Shao,* 546 F.3d at 149, 170 (When policies "vary widely from one area of the country to another . . . it is appropriate to review the evidence to determine, first, what policy applies to the circumstances at issue and, second, whether local officials would be inclined to view the petitioner's actions as a violation of that policy."). However, the only evidence that Chen cites regarding persecution of Christians in his home province is information that existed at the time of his original hearing.

Therefore, because the agency reasonably concluded that Chen's evidence failed to demonstrate a material change in conditions in China as needed to excuse the untimely filing of his motion, the agency did not abuse its discretion in denying his motion to reopen.  *See* 8 U.S.C. § 1229a(c)(7)(C).

5

Because this finding is dispositive, we do not reach the agency's alternative basis for denying Chen's motion—his failure to establish his prima facie eligibility for relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6